IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KRISTINA DEJESUS<br>*Plaintiff,* | § § § | |
| v. | § | CIVIL ACTION NO. 1:18-CV-010-RP |
| | § | |
| BRP US INC., SUZUKI MOTOR OF<br>AMERICA, INC., AND SUZUKI MOTOR<br>CORPORATION<br>*Defendants.* | § § § § § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE ROBERT PITMAN, JUDGE OF SAID COURT:

COMES NOW KRISTINA DEJESUS, Plaintiff herein, and files this Amended Original Complaint against BRP US Inc., Suzuki Motor of America, Inc., and Suzuki Motor Corporation, defendants, and for cause of action would show unto the Court as follows:

1. Plaintiff, Kristina Dejesus, is a resident of Springfield, New Jersey. Defendants are foreign corporations existing under and by by virtue of the laws of a state other than Texas . At all times material herein, defendant has been actively engaged in business within the State of Texas. Defendants BRP US Inc., and Suzuki Motor of America, Inc. have previously been served in Cause No. D-1-GN-17-006542 in the 250th Judicial District Court of Travis County, Texas. Defendants removed that proceeding to this Court pursuant to 28 U.S.C.A. 1441(a) and 28 U.S.C.A. 1446.

2. Defendant Suzuki Motor Corporation is a foreign corporation with its principal offices at 300 Takatsuka-cho, Minami-ku, Hamamatsu-shi, Shizuoka 432-8611, Japan. They may be served with process in this case at the corporate address listed above, in accordance with the Hague Service Convention through the Japanese Authority, Ministry of Foreign Affairs, 2-2-

1

1 Kasumigaseki Chiyoda-ku, Tokyo, 100-8919 Japan.

3. The damages in this case exceed the sum of $1,000,000.00 exclusive of interest and costs. Jurisdiction and venue are proper in this Court under the terms and provisions of 28 U.S.C. §1332(a)(3), and 28 U.S.C.A. §1391(a)(1), respectively. It has become necessary to brung this suit because of an incident which occurred on October 7, 2017 when plaintiff was struck by the propeller of a 2004 Johnson 225 HP outboard engine in a 2004, 31-foot Premier aluminum pontoon boat bearing hull identification number PMY32001G405. The Premier boat was owned by Austin Edwards of Austin, Texas and was being operated on October 7, 2017 by Derek Davies. On the occasion in question Dejesus was an occupant of the pontoon boat and she was enjoying an afternoon of boating and swimming in Lake Travis with a group of friends. Dejesus jumped into the water from the bow of the boat and the propeller of the pontoon boat struck the plaintiff's right arm, completely severing at the shoulder from her body. Dejesus is right handed.

4. As a result of the boating accident, Dejesus sustained permanent and life-altering personal injury damages.

5. Defendants designed, manufactured, and assembled the 2004 Johnson 225 HP outboard engine. Defendants manufactured and designed this motor for the Premier pontoon boat involved in this accident. The unguarded or unprotected propeller was unreasonably dangerous and a safer alternative design was both technologically and economically feasible at the time the engine was manufactured. One safer alternative design involved equipping the propulsion unit with a propeller guard, including outer shield. Defendants' design, manufacture, and marketing of the engine without such a guard constituted a "design defect" which rendered the product unreasonably dangerous as designed, taking into consideration the utility of the

product and the risk involved in its use. Defendants' design, manufacture, and marketing of the boat using the outboard 225 HP engine with an unguarded propeller or other safety device to reduce the risk of contact with the propeller rendered the product unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. Plaintiff would show that there was a safer alternative design for the boat and the engine than defendants' design, which in reasonable probability would have prevented or significantly reduced the injury to plaintiff without substantially impairing the products' utility and was economically and technologically feasible at the time the product left the control of defendants by the application of existing or reasonably achievable scientific knowledge. As a direct and producing cause of such defect, plaintiff has sustained injuries and damages and defendants are liable to plaintiff under the doctrine of strict liability in tort.

6.  In addition, Defendants were negligent in the design of the propeller and boat. Defendants knew of the dangers posed by an unprotected or unguarded propeller, including the deadly injuries that are caused by spinning propellers. Despite being aware of the danger and the injuries caused, Defendants were negligent in failing to exercise reasonable care or take reasonable effort to guard against the danger.

7.  As a result of this incident, Plaintiff has lost her right arm. She has sustained in the past, and will sustain in the future medical expenses, living expenses to compensate for the loss of her arm, physical pain and mental anguish, loss of earning capacity, disfigurement and physical impairment. For these damages plaintiff should be compensated in the amount of at least $10,000,000.00.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Plaintiff recover judgment against defendants for all actual and consequential damages, including special

3

damages, plus pre-judgment interest and post-judgment interest, plus such other and further relief, both general and special, at law or in equity, to which plaintiff may show herself entitled.

Respectfully submitted,

_____
Jason B. McMinn
State Bar No. 24046404
jmcminn@mcminnlaw.com

**McMinn Law Firm**
502 W. 14th Street
Austin, TX 78701
Phone: (512) 474-0222
Fax: (512) 474-0223

*ATTORNEYS FOR PLAINTIFF*

**CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
Jason B. McMinn
State Bar No. 24046404
jmcminn@mcminnlaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2018, I traditionally filed the foregoing document with the Clerk of Court and a true and correct copy will be served on the following attorney of record in the manner noted below:

***Via Facsimile (210) 785-2958***
***Via Electronic Mail jkleonard@namanhowell.com***
J. K. Leonard
Naman Howell Smith & Lee, PLLC
10001 Reunion Place, Suite 600
San Antonio, TX 78216
*Attorneys for Defendant BRP US Inc.*

***Via Facsimile (***
***Via Electronic Mail jhawkins@germer-austin.com***
***Via Electronic Mail cblackerby@germer-austin.com***
***Via Electronic Mail mcash@germer-austin.com***
Jeffrey S. Hawkins
Chris A. Blackerby
Mandie M. Cash
Germer Beaman & Brown PLLC
301 Congress Avenue, Suite 1700
Austin, Texas 78701
*Attorneys for Defendant Suzuki Motor of America, Inc.*

Jason B. McMinn
State Bar No. 24046404
jmcminn@mcminnlaw.com